# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN COMBS WILSON,<br><br>Plaintiff,<br><br>v.<br><br>QUINTANA, *et al.*,<br><br>Defendants. | Case No.  1:24-cv-00270-FJS (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 21)<br><br>**FOURTEEN (14) DAY DEADLINE** |

I.   **Background**

Plaintiff Dashawn Combs Wilson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On February 4, 2026, the Court screened the first amended complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  (ECF No. 21.)  The Court issued an order granting Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

1

for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II.    Failure to State a Claim

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.    Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento in Represa, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff names as defendants: (1) Mr. J. Quintana, Correctional Officer; (2) Ms. A. Gonzales, Correctional Sergeant; (3) Mr. P. Plata, Correctional Officer; (4) Mr. J. Grisham, Mental Health Psychologist;

2

(5) Mr. M. Felix, Correctional Sergeant; (6) Mr. J. Borquez, Correctional Officer; (7) Mr. J. Soleno, Correctional Officer; (8) Mr. T. Cook, Correctional Officer; and (9) Ms. Anti Moran, Mental Health Psychiatrist Doctor.  All defendants are employed at CSATF.

Plaintiff alleges that on August 22, 2023, he left his building for his IDTT meeting on D Yard.  When Plaintiff got there, Defendant Ms. Anti Moran got upset with Plaintiff about his medications.  Plaintiff tried to leave two times to his living cell and ended up being assaulted by Defendants Quintana, Borquez, Plata, Cook, Soleno, Gonzales, and Felix, who then sexually assaulted him while they used excessive force.

Plaintiff further alleges that he was not a threat to himself or them and even raised his hands in the air to show he was harmless to them, before Defendant Quintana and all other officers listed used excessive force.  Then the officers choked Plaintiff and sexually assaulted him while he was on the ground.

Defendant Grisham made complaints and is a witness to Plaintiff's sexual assault claims. Defendant Moran allegedly sent Plaintiff to a crisis bed on August 23, 2023, retaliating against Plaintiff for unknown reasons.  Plaintiff did not have any crisis bed situations.

Plaintiff seeks monetary damages because he did not have any type of crisis and suffered not having a radio, tv, cleaning material, and food he wanted.

**C.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

    1.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation Plaintiff allegedly suffered.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has

3

held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link each defendant to specific wrongful conduct. Plaintiff also fails to link Defendant Grisham to any wrongful conduct.  Plaintiff must link each individual Defendant to a specific act or omission that violated Plaintiff's rights.

### 2.    Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved.  General assertions regarding Defendants using excessive force or sexually assaulting Plaintiff, without more, are not sufficient.

### 3.    First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

4

not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

As currently pleaded, Plaintiff fails to state a cognizable claim for retaliation against any defendant. While Plaintiff alleges that Defendant Moran sent Plaintiff to a crisis bed in retaliation, Plaintiff states that she acted for unknown reasons. Plaintiff has not alleged that Defendant Moran retaliated against him because of any conduct protected by the First Amendment.

### 4. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

///

///

a.    *Excessive Force*

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff may be able to state a cognizable claim for excessive force against some defendants.  But Plaintiff fails to specify who committed which acts, or what type of force was used.  This Court offered Plaintiff an opportunity to file an amended complaint.  Plaintiff has failed to provide information about which acts were committed by which defendant.

b.    *Sexual Misconduct*

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . .").  In evaluating such a claim, "courts consider whether 'the official[ ] act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, *see Schwenk*, 204 F.3d at 1197, the Eighth Amendment's protections do not extend to all forms of sexual harassment.  Allegations of sexual harassment that do not involve touching have routinely been found "not sufficiently serious" to sustain an

6

Eighth Amendment claim. *Austin*, 367 F.3d at 1172 (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); *accord Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) ("[t]o hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

Plaintiff fails to state a cognizable claim against any defendant for sexual assault or other misconduct. Plaintiff alleges only that he was "sexually assaulted" by defendants but provides no other factual support for his claim. As with Plaintiff's excessive force claim, Plaintiff must provide information regarding what actions were taken by which defendants. This Court afforded Plaintiff an opportunity to do so. Plaintiff has not responded.

c.      *Medical Care*

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter*

7

*Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

To the extent Plaintiff is attempting to bring a claim against Defendant Moran for sending Plaintiff to a crisis bed, Plaintiff fails to state a claim. While Plaintiff states that he was not in a crisis bed situation, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

### d.   *Conditions of Confinement*

To the extent Plaintiff is attempting to bring a claim regarding his lack of access to a radio, TV, cleaning material, and his preferred food while he was in the crisis bed, Plaintiff also fails to state a claim.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

8

1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Plaintiff fails to allege how long he was placed in the crisis bed and thus deprived of the listed amenities. In addition, Plaintiff fails to allege facts to support that the denial of any of these amenities amounted to an "extreme deprivation." Plaintiff has not responded to the opportunity to amend that this Court afforded him.

**III.   Failure to Prosecute and Failure to Obey a Court Order**

**A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

9

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.    Discussion**

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  But "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's February 4, 2026, screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (ECF No. 21.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

///

///

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 27, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

11